MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRLaw.com
Lewis Roca Rothgerber LLP
4300 Bohannon Drive
Menlo Park, CA 94025
(650) 391-1380 (Tel.)
(702) 391-1395 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
RH US, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, and RH US, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>TOPSON LIGHTING, LTD., a private limited corporation,<br><br>Defendant. | Civil Case No.: 3:15-cv-00938<br><br>**COMPLAINT** |

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively, "RH") allege the following:

## NATURE OF THIS ACTION

1. This is an action for copyright infringement, trademark infringement, and unfair competition arising out of Defendant's use of RH's copyrighted images and trademarks on Defendant's website to sell knockoffs of RH products.

## PARTIES

2. Plaintiff Restoration Hardware, Inc. is a Delaware corporation whose principal place of business is located at 15 Koch Road, Corte Madera, California, 94925.

3. Plaintiff RH US, LLC is a Delaware limited liability company whose principal place of business is located at 15 Koch Road, Corte Madera, California 94925.

4. Defendant Topson Lighting Ltd. is, upon information and belief, a private limited corporation whose principal place of business is located at 1850 Lemon Street, Suite C, York, Pennsylvania, 17404.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*, and trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). This Court has supplemental jurisdiction over RH's common law claims.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully, willfully, and/or intentionally infringed upon RH's copyrights and trademark rights by using RH's copyrighted photographs and trademarks on its website to sell knockoffs of RH products. Upon information and belief, Defendant used the copyrighted images and trademarks with the knowledge that RH is located in California and that RH would likely suffer injury or harm resulting from the infringement in California. Indeed, Defendant continued its infringing conduct despite notice from RH. Upon information and belief, Defendant has purposefully directed its tortious conduct and activities at California, and RH's claims arise out of such conduct and activities. The exercise of personal jurisdiction is thus reasonable.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because jurisdiction is not founded solely on diversity of citizenship and a substantial part of the property that is the subject of this action—namely, RH's copyrighted photographs and trademarks—is situated in this judicial district. Venue is proper in the Northern district of this court, San Francisco division.

5511155_1

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Rule 3-2(c), this is an Intellectual Property Action assignable on a district-wide basis.

## GENERAL ALLEGATIONS

9. RH spends a substantial amount of time, money, and effort staging and photographing its products for RH's renowned source books and website, <rh.com>. RH's source books and website feature thousands of beautiful photographs showing RH products in upscale and refined settings.

10. RH routinely obtains copyright registrations for its catalogs (known as "source books"). Prior to January 2015, Restoration Hardware, Inc. owned all right, title, and interest in the copyrights of the photographs in RH's source books. In January 2015, Restoration Hardware, Inc. assigned its rights in the photographs to RH US, LLC, and RH US, LLC subsequently granted Restoration Hardware, Inc. a license to use the photographs.

11. Unscrupulous third parties frequently use RH's photographs from its source books and website to sell knockoffs of RH products.

12. Additionally, RH spends a substantial amount of time, money, and effort creating brand-recognition for its products and developing goodwill with its customers.

13. RH was founded in Eureka, California, in 1980. Over the past 34 years, RH has grown to 70 retail stores and 13 outlets throughout the United States, plus stores in Canada.

14. RH's channels of distribution include retail stores, source books, and the Internet. RH has distributed more than 32 million catalogs throughout the United States. RH's website at <rh.com> has received more 18.9 million unique visits. Tens of millions of U.S. residents have been exposed to RH's trademarks, including the RH and RH RESTORATION HARDWARE LOGO marks.

///

15. Upon information and belief, as a result of RH's long, extensive, and widespread use of the distinctive RH and RH RESTORATION HARDWARE LOGO marks, RH has acquired common law rights in the RH and RH RESTORATION HARDWARE LOGO marks in connection with home furnishings and other related products.

16. In addition to RH's common law rights, RH owns several trademark registrations and pending applications for the RH and RH RESTORATION HARDWARE LOGO marks on the Principal Register of the United States Patent and Trademark Office, including the following:

| Mark | Goods/Services |
|---|---|
| RH (Reg. No. 4,621,887) | Retail store services, catalog mail-order services, and online retail store services featuring a wide range of consumer goods, namely, furniture, lighting, bath ware, bath linens, bedding, hardware, home renovation products, window coverings, floor coverings, home decor and accessories, outdoor home furnishings and accessories, gardening products, toys, games, apparel, slippers and booties, personal care products, holiday decorations, paper goods, memorabilia, gifts, clocks, luggage racks and cleaning products; issuing gift certificates which may then be redeemed for goods or services; gift registry services. |
| RH RESTORATION HARDWARE (Reg. No. 4,353,085) | Retail store services, catalog mail-order services, and online retail store services featuring a wide range of consumer goods, namely, furniture, lighting, bath ware, bath linens, bedding, hardware, home renovation products, window coverings, floor coverings, home decor and accessories, outdoor home furnishings and accessories, gardening products, toys, games, apparel, slippers and booties, personal care products, holiday decorations, paper goods, memorabilia, gifts, clocks, luggage racks and cleaning products; advertising services for others, namely, market research for others and promoting the sale of goods and services of others through the dissemination of information via the internet, through the use of in-store displays and through the distribution of catalogs; issuing gift certificates which may then be redeemed for goods or services; gift registry services. |

(A true and accurate copy of the trademark registrations for the RH and RH RESTORATION HARDWARE LOGO marks is attached hereto as Exhibit A.) Prior to January 2015, Restoration Hardware Inc. owned all right, title, and interest in the trademarks at issue. In January 2015, Restoration Hardware Inc. assigned its rights in the trademarks to RH USA, LLC, and RH USA, LLC subsequently granted Restoration Hardware Inc. a license to use the trademarks.

5511155_1

17. These federal trademark registrations have not been abandoned, canceled, or revoked. RH's registered and common law trademarks are collectively referred to as the "RH Marks".

18. Upon information and belief, Defendant owns and operates a lighting business based in York, Pennsylvania and advertises, promotes and sells its products online at <TOPSONLIGHTING.COM>.

19. In or about December 2014, RH learned that Defendant was using RH's RH Mark and unauthorized copies of RH's copyrighted photographs (the "Infringing Photographs") on its website to sell Defendant's own products, presumably knockoffs of RH products.

20. To the best of RH's knowledge, Defendant sells its goods throughout the United States, including to this judicial district.

21. A sample of RH's original photographs are shown in the table below alongside screenshots of Defendant's website that display Defendant's use of the corresponding Infringing Photographs and the RH Marks:

| RestorationHardware.com | TopsonLighting.com |
|---|---|
| | |
| | |

5

5511155_1



5511155_1



5511155_1

| RestorationHardware.com | TopsonLighting.com |
|---|---|
| RHYS CLEAR GLASS PRISM ROUND CHANDELIER 31" - GREY IRON | RHYS GLASS PRISM SMALL CHANDELIER IRON \| Fliament Sconce — Product Code: RH015 — ~~$1,935.00~~ $1,355.00 |
| WELLES CLEAR CRYSTAL ROUND CHANDELIER 26" - GREY IRON | WELLES CRYSTAL CHANDELIER SMALL \| Fliament Sconce — Product Code: RH013 — $1,250.00 |
| 1920s ESSEX CRYSTAL ROD CHANDELIER SMALL | 1920s Essex Crystal Rod Chandelier Small \| Fliament Sconce — Product Code: RH014 — ~~$1,355.00~~ $1,135.00 |

22. On December 10, 2014, RH sent a cease and desist letter to Defendant demanding that it cease violating RH's intellectual property rights, including RH's trademarks and copyrights at issue, and pay RH a reasonable amount for its use of each of the copyrighted photographs at issue.

23. Defendant failed to respond. Through its own investigation, RH learned that Defendant did remove some, but not all, of the Infringing Photographs from its website.

24. On January 13, 2015, RH sent a second cease and desist letter to Defendant, again demanding that Defendant cease violating RH's intellectual property rights, including RH's trademarks and copyrights at issue, and pay RH a reasonable amount for use of each of the copyrighted photographs at issue.

25. Again, Defendant failed to respond. Through its own investigation, RH learned that Defendant did remove the remaining Infringing Photographs from its website.

///

26. On February 5, 2015, RH sent a third cease and desist letter to Defendant, noting that to date, Defendant has not formally responded to RH's full demands and that RH has spent considerable time and money to prosecute this matter, for which Defendant is liable. RH again demanded that Defendant cease violating RH's intellectual property rights, including RH's trademarks and copyrights at issue, and pay RH a reasonable amount for use of each of the copyrighted photographs at issue. RH notified Defendant that its letter was the final attempt at resolving this matter amicably.

27. Defendant failed to respond.

28. With no other remaining options, RH now brings this action for copyright infringement, trademark infringement, and unfair competition to seek redress for Defendant's unlawful and unauthorized use of its copyrighted works and trademarks.

## COUNT I
(Copyright Infringement
under 17 U.S.C. § 501 *et seq.*)

29. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

30. RH owns the copyrights in the RH photographs identified above, including pending U.S. Copyright applications for the source book and website containing the photographs at issue, which applications were duly filed with the U.S. Copyright Office with the appropriate fees.

31. Defendant infringed RH's copyrights by copying and publicly displaying copies of RH's photographs on its website.

32. RH did not authorize Defendant's copying or public display of the photographs.

33. Defendant's conduct was willful within the meaning of the Copyright Act.

///

5511155_1

## COUNT II
(Trademark Infringement
under 15 U.S.C. § 1114(a))

34. RH incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35. Defendant's use of the RH Marks in commerce constitutes a reproduction, copying, counterfeit, and colorable imitation of the RH Marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

36. As a direct and proximate result of Defendant's infringement of the RH Marks, RH has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III
(Unfair Competition
under 15 U.S.C. § 1125(a))

37. RH incorporates the allegations in the preceding paragraphs as if fully set forth herein.

38. Defendant's use of the RH Marks in commerce constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between RH and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods and services by RH.

39. As a direct and proximate result of Defendant's unfair competition, RH has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT IV
(Common law trademark infringement)

40. RH incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41. Defendant's use of the RH Marks constitutes trademark infringement under common law.

10

5511155_1

42. As a direct and proximate result of Defendant's trademark infringement, RH has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT V
(Common law unfair competition)

43. RH incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Defendant's use of the RH Marks constitutes unfair competition under common law.

45. As a direct and proximate result of Defendant's unfair competition, RH has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### PRAYER FOR RELIEF

WHEREFORE, RH requests that the Court enter:

A. A preliminary and permanent injunction prohibiting Defendant and its officers, agents, servants, and those persons in active concert or participation with them from directly or indirectly infringing RH's rights in the copyrighted work;

B. Judgment in favor of RH and against Defendant for, at RH's election, actual damages in amount to be determined at trial, together with the profits derived from Defendant's infringement, or statutory damages for each violation under 17 U.S.C. § 504;

C. A preliminary and permanent injunction prohibiting Defendant and its officers, agents, servants, and those persons in active concert or participation with them from using the RH Marks, or any confusingly similar variations thereof, in connection with retail store services and home furnishings and other related goods, including, without limitation, on Defendant's website, <topsonlighting.com>;

D. Judgment in favor of RH and against Defendant for damages adequate to compensate RH for Defendant's infringment of the RH Marks, including, but not

5511155_1

limited to RH's actual damages, Defendant's profits, and the costs of the action, pursuant to 15 U.S.C. § 1117 and the common law;

  E. Judgment in favor of RH and against Defendant for RH's costs and attorneys' fees incurred in this action; and

  F. For such other relief as the Court deems just, equitable and proper.

Respectfully submitted,

Dated: February 27, 2015  By: /s/ Michael J. McCue

MICHAEL J. MCCUE
AARON D. JOHNSON
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
RH US, LLC

12

5511155_1